O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| In Re:<br><br>CITY OF SAN BERNARDINO, CALIFORNIA,<br><br>    Debtor,<br>_____<br>SAN BERNARDINO CITY PROFESSIONAL FIREFIGHTERS LOCAL 891<br><br>    Appellant,<br><br>    v.<br><br>CITY OF SAN BERNARDINO, CALIFORNIA,<br><br>    Appellee. | Case No. 5:15-cv-00042-ODW<br><br>**OPINION**<br><br>**Appeal from the United States Bankruptcy Court for the Central District of California, Riverside Division;**<br><br>**The Honorable Meredith A. Jury Presiding (No. 6:12-bk-28006)** |

## I.  INTRODUCTION

This case is the third in a trilogy of meritless appeals by Appellant San Bernardino City Professional Firefighters Local 891 (the "Union"). The Union appeals an order entered by the United State Bankruptcy Court for the Central District of California, Riverside Division, entered on December 11, 2014. The order in

question is titled "Amended Order Continuing in Effect the Automatic Stay Pending Final Hearing on the Motions for Relief from Automatic Stay Filed by the San Bernardino City Professional Firefighters Local 891 and the San Bernardino Police Officers Association Pending Final Hearing on the Motions." *San Bernardino City Prof'l Firefighters Local 891 v. San Bernardino (In re City of San Bernardino)*, No. 6:12-bk-28006, ECF No. 1337 (Dec. 11, 2014) (the "*Continuation Order*"). The *Continuation Order* continued the automatic stay in the underlying chapter 9 bankruptcy of Appellee City of San Bernardino (the "City"). For the reasons discussed below, the Court **DISMISSES** this appeal for lack of jurisdiction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2012, the City filed a voluntary petition under chapter 9 of the Bankruptcy Code. (AER 297–304.)[1] At that time, the City was in a financial crisis with an estimated budget deficit of $45.8 million. (SER 473–76.) The City's insolvency is detailed in the Bankruptcy Court's chapter 9 eligibility opinion. *In re San Bernardino*, 499 B.R. 776 (Bankr. C.D. Cal. 2013). The City then implemented a series of cost-reduction measures, to include involuntary modifications to the memorandum of understanding (the "MOU") between the City and the Union. (SER 446–51, 874–923.) The negotiation efforts between the parties and the specifics of the cost-reduction measures are detailed in two concurrently-filed opinions from this Court. *See In re San Bernardino*, No. 5:14-cv-02073, ECF No. 47 (C.D. Cal. May 7, 2015); *In re San Bernardino*, No. 5:14-cv-02505, ECF No. 31 (C.D. Cal. May 7, 2015).

On March 4, 2013, the City filed a motion with the Bankruptcy Court to reject the MOU (the "Rejection Motion"). (AER 176–204; SER 1419–99.) The hearing on the Rejection Motion was initially scheduled for March 27, 2013. (AER 176.) On March 8, 2013, the Union filed a motion for relief from the automatic bankruptcy stay

---

[1] Citations to the "Appellant's Excerpts of the Record" or "AER" denote the excerpts submitted by the Union. (ECF No. 13.) Citations to the "Supplemental Excerpts of the Record" or "SER" denote the excerpts submitted the City. (ECF No. 19.) The parties do not dispute any facts on appeal.

2

1  in order to file state-law claims in state court (the "Stay Motion"). (*Id.* at 1–175.) The
2  hearing on the Stay Motion was initially scheduled for April 4, 2013. (*Id.* at 1.) On
3  March 12, 2013, the City and the Union filed a joint stipulation which stated that the
4  parties agreed, *inter alia*, to continue the hearing on the Rejection Motion to April 4,
5  2013, and that the Bankruptcy Court would conduct preliminary hearings for both
6  pending motions. (*Id.* at 205–10.) The Bankruptcy Court approved the joint
7  stipulation on March 13, 2013. (SER 1017–22.)

8        On April 4, 2013, the Bankruptcy Court held preliminary hearings on both the
9  City's Rejection Motion and the Union's Stay Motion. (AER 211–79.) With the
10 consent of the Union, the Bankruptcy Court then continued the hearings to allow for
11 additional discovery. (*Id.* at 211–27; SER 1534–40, 1551–52, 1586–93.) Both
12 motions were continued again in response to the Union's claim that the Bankruptcy
13 Court must first decide whether the City was eligible for chapter 9 relief. (SER 2794.)
14 On August 28, 2013, the Bankruptcy Court issued its opinion ruling that the City was
15 eligible for chapter 9 relief. (*Id.* at 2253–94.)

16       Between September 2013 and June 2014, the hearings on the City's Rejection
17 Motion and the Union's Stay Motion were continued to the same dates as the status
18 conferences in the chapter 9 case to accommodate the ongoing mediations between the
19 parties. (AER 412; SER 2126–27, 2130–31, 2190–94, 2211–13, 2217, 2343–48,
20 2365–67.) On June 19, 2014, the Bankruptcy Court granted the Union's request to be
21 relieved from further mediations with the City. (AER 599.) The Bankruptcy Court
22 then set a briefing schedule for the Rejection Motion and heard arguments on
23 September 11, 2014. (SER 2530–34.) At the September 11, 2014 hearing, the
24 Bankruptcy Court granted the City's Rejection Motion. (*Id.* at 2622–31.) On
25 September 19, 2011, the Bankruptcy Court entered an order granting the Rejection
26 Motion (the "Rejection Order"), and set a hearing date for the Stay Motion, to include
27 a supplemental briefing schedule. (*Id.* at 2656–60.)
28 / / /

On December 3, 2014, the Bankruptcy Court heard arguments on the Stay Motion and denied it on the record. (AER 295–96; SER 2699–2701.) The Bankruptcy Court then entered two separate orders. On December 11, 2014, the Bankruptcy Court entered the *Continuation Order* which specifically denied the Union's Stay Motion and is the focus of this appeal. (AER 280–94.) The *Continuation Order* holds "that the automatic stay is continued as to both the [Union's] motion for relief and the [police union's] motion for relief nunc pro tunc to April 4, 2013, and that such stay shall remain in effect until an order after final hearing by this court on each such motion." (*Id.* at 281.) On December 19, 2014, the Bankruptcy Court entered an "Order Denying San Bernardino City Professional Firefighters Local 891's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362." (*Id.* at 295–96.) This order denied the Union's July 21, 2014 motion for relief which was filed after the City implemented certain cost-reduction measures in June 2014. (ECF No. 1054.)

### III.   STANDARD OF REVIEW AND CONTROLLING LAW

The Court reviews its own jurisdiction *de novo*. *Silver Sage Partners, Ltd. v. Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2004). "It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005) (citing U.S. CONST. art. III, § 2, cl. 1). "The province of courts is to decide real controversies, not to discuss abstract propositions." *Lieutenant Colonel Daniel C. Stearns v. Brigadier General George H. Wood*, 236 U.S. 75, 78 (1915). In order for a federal court to decide a case, "[i]t must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished form an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937).

/ / /

## IV. ISSUE ON APPEAL

The Union raises one issue on appeal: "The central issue in this appeal is whether the Bankruptcy Court erred when, following the lapse of the automatic stay under 11 U.S.C. § 362(e), it, *sua sponte*, reinstated or 'continued' (*nunc pro tunc*) the automatic stay created under 11 U.S.C. § 362(a) outside the context of an adversary proceeding." (Appellant Br. at 1–2.)

## V. DISCUSSION

This appeal is surprisingly meritless. The Union has asked this Court to answer a hypothetical question. The Union wants the Court to *assume* that the automatic stay, which was issued pursuant to 11 U.S.C. § 362 on the day the City filed its voluntary petition, lapsed when the Bankruptcy Court waited longer than thirty days to issue a ruling on the Union's Stay Motion. (Appellant Br. at 7.) Once the Court makes this assumption, the Union then wants the Court to decide whether the Bankruptcy Court can "reinstate" the stay. (*Id.*) To its credit, the Union is unabashed in framing its hypothetical question: "The first issue necessarily presupposes the automatic stay terminated." (Appellant Reply at 3.) The Union explains that the "issue of whether or not the automatic stay terminated, however, is the subject of a separate appeal pending before this Court . . . which has yet to be briefed by the parties." (*Id.* at 1.)

There is no doubt that the Court must reject this appeal. The Union's request that the Court "presuppose" a legal question is unequivocal proof that this appeal runs afoul of this Court's jurisdiction. The Court cannot decide the Union's "abstract proposition." *Stearns*, 236 U.S. at 78. According to the Union, however, the Court can safely assume that the automatic stay did in fact lapse/terminate because "there would be no other reason for the Bankruptcy Court to enter the Stay Order" and "otherwise, the Stay Order was an unnecessary exercise in redundancy." (*Id.* at 3–4.) The Union is mistaken. In December 2014, there were *two* pending motions for relief. The Union filed its first motion for relief—the one appealed here—on March 8, 2013 (ECF No. 460), and its second motion for relief on July 21, 2014 (ECF No. 1054). It

comes as no surprise that the Bankruptcy Court would issue two orders to deny two separate motions. Contrary to the Union's claim, the Bankruptcy Court *did* have a reason to issue two orders denying motions for relief. There is no redundancy.

To resolve the Union's issue on appeal, the Court must first decide whether or not the automatic stay lapsed as a matter of law. The Union wants the Court to bypass this determination and render an advisory opinion based on a "hypothetical state of facts." *Haworth*, 300 U.S. at 241. This Court does not have jurisdiction to do so.

## VI. CONCLUSION

The Court hereby **DISMISSES** this appeal for lack of jurisdiction. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 7, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**